UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AKRAM MARSEET,

                     Plaintiff,

vs.

                                             **SUMMONS**
                                             Case No. 6:20-cv-7096

ROCHESTER INSTITUTE OF TECHNOLOGY,
JOHN AND JANE DOE
Defendants.
_____

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED TO ANSWER THE COMPLAINT IN THIS ACTION
AND TO SERVE A COPY OF YOUR ANSWER, OR, IF THE COMPLAINT IS NOT
SERVED WITH THIS SUMMONS, TO SERVE A NOTICE OF APPEARANCE ON THE
PLAINTIFF'S ATTORNEY WITHIN 20 DAYS AFTER THE SERVICE OF THIS
SUMMONS, EXCLUSIVE OF THE DAY OF SERVICE (OR WITHIN 30 DAYS AFTER THE
SERVICE IS COMPLETE IF THIS SUMMONS IS NOT PERSONALLY DELIVERED TO
YOU WITHIN THE STATE OF NEW YORK), AND IN CASE OF YOUR FAILURE TO
APPEAR OR ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU BY DEFAULT
FOR THE RELIEF DEMANDED IN THE COMPLAINT.

DATED: December 14, 2020

                                                  /s/ Van Henri White

                                                  VAN HENRI WHITE, ESQ.
                                                  Attorney for the Plaintiff
                                                  18 Grove Place
                                                Rochester, New York 14605
                                                Phone: (585) 271-6780

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AKRAM MARSEET.,

                    Plaintiff,

vs.

ROCHESTER INSTITUTE OF TECHNOLOGY,
JOHN AND JANE DOE

                    Defendants.

**COMPLAINT**
Case No. 6:20-cv-7096

---

    Akram Marseet (hereinafter referred to as "the Plaintiff") seeks redress for discrimination suffered by him in his capacity as an employee of the Rochester Institute of Technology (hereinafter referred to collectively as "the Defendant"). Plaintiff has been discriminated and retaliated against by the Defendant, on account of Plaintiff's race, ethnicity, disability, and point of national origin, in violation of Section 296 of New York State's Executive Law and in violation of 42 U.S.C. 1981; 42 U.S.C.1982; 42 U.S.C.1983.

    1.    Plaintiff, who is over eighteen years of age, is a resident of the State of New York, Monroe County, and City of Rochester. His address is 111 Bobrich Drive, Apt. E, Rochester NY 14610.

    **2.**    Upon information and belief, the Defendant is a corporation organized and existing under the laws of New York State, with its principal place of business in Rochester, New York, and was at all times doing business in New York State.

## JURISDICTION AND VENUE

3.    The jurisdiction of the Federal District Court is invoked pursuant to 42 U.S.C. 1981 and U.S.C. 2000e-5 and other provisions of the law.

4.    Venue of his Complaint has been properly laid in the Western District of New York because the Plaintiff is a resident of New York, as he resides at is 111 Bobrich Drive, Apt. E, Rochester NY 14610.

5.    The unlawful employment practices alleged herein were committed within the State of New York

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

6.    The Defendant is an employer engaged in an industry that affects commerce and employs more than fifteen (15) employees.

7.    All conditions precedent to jurisdiction under Section 706 of Title VII, 42 U.S.C. Section 2000e-5(f)(3) have occurred or have been complied with, to wit a charge of employment discrimination was timely filed with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").   Within said charge Plaintiff alleged the Defendant violated federal anti-discrimination laws.

8.    After conducting an investigation, the E.E.O.C. issued a Determination with respect to the Plaintiff's claims of discrimination.   On September 22, 2020, the E.E.O.C. notified the Plaintiff of his right to sue by sending him a copy of his Dismissal and Notice of Rights Letter.

## FACTS

9.     Plaintiff is from Libya. He came to the United States of America on a student visa.   As a student, the Plaintiff contributed significantly to different research communities.

10.     In August of 2015, the Defendant entered the Rochester Institute of Technology (RIT) with a Master's Degree in Electrical Engineering.

11.     During his tenure at RIT the Plaintiff maintained a high G.P.A. (i.e. 3.9) and made significant contribution to research papers which were subsequently published – including three research papers in one semester while being enrolled in his Master's Program.   (The fourth and fifth research papers were published in 2019 and 2020 after the Plaintiff left RIT.)

12.     In addition, while at RIT, the Defendant hired the Plaintiff as a student employee. He remained employed and a student at RIT until August of 2018.

13.     During his tenure as a student employee, the Plaintiff's supervisor (a tenured Professor at RIT) regularly and frequently treated the Plaintiff differently on account of the Plaintiff's race and nation of origin.

14.     An account of his race and nation of origin, the Defendants, Plaintiff's supervisor paid the Plaintiff less than his peers and also gave the Plaintiff fewer desirable assignments and appointments – which affected other financial and academic opportunities for the Plaintiff.

15.     Additionally, during his tenure at RIT, another student at RIT levied false allegations against the Plaintiff.   Upon information and belief, these allegations were levied and allowed to go forth, again, on account of the Plaintiff's nation of origin.   A campus disciplinary proceeding was convened regarding those allegations.

16.    At all times, before and during the disciplinary proceeding, the Plaintiff was a student.

17.    Before and during the course of the disciplinary proceedings, the Plaintiff made clear to the Defendants' agents and employees that his medically diagnosed disability required accommodation.   Specifically, Plaintiff suffered from a mental health disability which made it impossible for him to participate effectively in his defense before the school disciplinary body.

18.    Despite the fact that the Defendants failed to provide the requisite accommodation, the disciplinary proceeding went forward. Plaintiff was not provided effective counsel or support; and witnesses were able to put forth false evidence.

19.    As a consequence of these actions, the Plaintiff was unjustly and illegally expelled from school.

## GENERAL ALLEGATIONS OF DISCRIMINATION

20.    Plaintiff reiterated and re-alleges the contents of paragraphs numbered "one" (1) through "nineteen" (19) with the same force and effect as if fully set forth herein.

21.    In 2018 and since that time the Defendants engaged in a pattern of unlawful discrimination directed at the Plaintiff.

22.    More specifically, the Defendants knowingly and recklessly discriminated against the Plaintiff on the basis of his race, national origin, and disability by:

A.    Paying the Plaintiff at a lesser rate than employees who did not share the Plaintiff's place of national origin.   Indeed, the Defendant's racial animus and hostility toward the Plaintiff's nation of origin was so severe that the Plaintiff's

salary was lower than RIT's own policy or state law allowed.

B.      Failing to accommodate Plaintiff's disability (referenced above) during the course
        of the disciplinary proceeding.

C.      Maintaining policies, practices, and or customs which discriminated against
        persons because of their national origin and disability.

D.      Having direct and firsthand knowledge of discriminatory acts towards the Plaintiff
        and failing to take remedial and precautionary steps for the protection of the rights
        of the Plaintiff.

E.      Violating the Defendants' own student and employee rights and policies related to
        discrimination in the school and workplace as well as conduct violating various
        state and federal laws and regulations relating to discrimination.

F.      Knowingly permitting its employees and supervisors to treat the Plaintiff in a
        manner different from the treatment received by persons who did not share the
        Plaintiff's race and/or national origin.

G.      Failing to provide the Plaintiff with a suitable work and learning environment.
        Instead, the Plaintiff was knowingly exposed to a hostile and unsupportive work
        and learning environments.

H.      Otherwise acting in a deliberate discriminatory and unlawful manner (including
        preventing witnesses from testifying) in violation of the common law, federal and
        state constitutional law, and applicable case law.

## RETALIATION CLAIMS

23.     Plaintiff reiterated and re-alleges the contents of paragraphs numbered "one" (1)
through "twenty-two" (22) with the same force and effect as if fully set forth herein.

24.     As a direct and proximate result of the Plaintiff having complained about the disparate treatment, the Defendants took the following actions:

A.     By denying the Plaintiff's rights to due process in campus judicial proceedings:

B.     By providing an inexperienced advocate during the student disciplinary hearing.

C.     By expulsing the Plaintiff from the University based on false accusations and incorrect assumptions.

C.     By entering derogatory, untrue, and unfair information into the Plaintiff's academic and personnel file;

D.     By communicating with federal immigration officials in an attempt to get the Plaintiff deported from this country:

E.     By maliciously sharing derogatory, untrue, and inaccurate information with other colleges and universities in an effort to derail the Plaintiff's effort to continue his doctoral program.

F.     Defendant by its actions caused severe and irreparable damage to the Plaintiff personally and professionally.

17.     As a result of Defendants' conduct, the Plaintiff has suffered severe emotional and physical damage affecting his professional performance and personal life. Defendant must provide compensatory damages to make Plaintiff whole as a result of Defendant's egregious acts and provide punitive damages for acts that were deliberate, malicious and vindictive.

## VIOLATIONS OF NEW YORK STATE'S HUMAN RIGHTS LAW

25.     Plaintiff repeats and realleges paragraphs numbered one (1) through "twenty-four" (24) as set forth herein.

26.     The actions of the Defendants were all in violation of Article 15, Section 296, of

New York State's Executive Law.

27.    As a result of District's conduct, the Plaintiff is entitled to compensatory, special, and punitive damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, its units, divisions and subsidiaries, their officers, employees (including student employees), and agents, and other persons in active concert or participation with them on Plaintiff's Complaint as follows:

A.    For an Order removing the record of expulsion from the Plaintiff's academic record.

B.    For an order requiring the Defendants to cease and desist from any and all future discrimination on the basis of race and national origin.

C.    For an order reinstating the Plaintiff to his educational and employment program at the RIT – including an award of back pay and other pecuniary damages such as the value of lost pensions benefits, and wage and fringe benefits such as bonuses, group health, disability and life insurance coverage, sick pay, holiday and vacation pay together with prejudgment interest at the highest legal rate.

D.    For an Order requiring the Defendants to notify other colleges, universities that the Plaintiff did not engage in any wrongdoing and should have never been expelled.

E.    For an award of compensatory and special damages.

F.    For an award of punitive damages to the fullest extent authorized by law.

G.    For an award of reimbursement of the expense of his litigation, including reasonable attorney's fees and other costs of his suit.

H.    For an award of such other and further relief as would be appropriate and

equitable under the circumstances.

## **DEMAND FOR A JURY TRIAL**

28. The Plaintiff demands trial by jury.

Dated:   December 14, 2020


/s/ Van Henri White

_____

VAN HENRI WHITE
Attorney for the Plaintiff
18 Grove Place
Rochester, New York 14605
(585) 305-2858