UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AKRAM MARSEET,

                            Plaintiff,

        v.

ROCHESTER INSTITUTE OF
TECHNOLOGY, et al.,

                            Defendants.
_____

DECISION & ORDER

20-CV-7096FPG

        Currently pending before this Court are two motions filed by plaintiff, Akram Marseet, each seeking permission to file either a reply or a sur-reply to previously filed motions. (Docket ## 99, 100). For the reasons discussed below, these motions are denied.

        In one of the motions Marseet requests permission to file a sur-reply to a motion previously filed by defendants. (Docket # 45, 77, 100). Prior to filing this motion, Marseet filed an unauthorized sur-reply, which was stricken by the Court. (Docket ## 82, 96). Marseet now requests permission to file the sur-reply and to extend the number of pages permitted for the sur-reply from ten to twenty-five. (Docket # 100). As I noted in my previous Order striking Marseet's sur-reply, this Court's local rules specifically prohibit the filing of a sur-reply without leave of the Court. *See* W.D.N.Y. Local Rule 7(a)(6). Moreover, whether to permit the filing of a sur-reply is entirely within the Court's discretion. *See Neary v. Weichert*, 489 F. Supp. 3d 55, 62 (E.D.N.Y. 2020) ("courts have discretion to decide whether to strike or permit a litigant's sur-reply") (citing *Endo Pharm. Inc. v. Amneal Pharm., LLC*, 2016 WL 1732751, *9 (S.D.N.Y. 2016) ("[i]t is beyond dispute that the decision to permit a litigant to submit a sur-reply is a

matter left to the court's discretion") (brackets omitted)), *appeal dismissed*, 2021 WL 1546028 (2d Cir.), *cert. denied*, 142 S. Ct. 605 (2021).  In support of his current request, Marseet generally maintains that a sur-reply is necessary in order to permit him to "[r]e[-]explain" and "remind" the Court of information and arguments that he has already made in connection with the motion.  (Docket # 100 at ¶¶ 4-5).  Under these circumstances, Marseet has not demonstrated that a sur-reply is warranted, and his request to submit one is denied.

       Marseet also requests permission to file a reply or sur-reply in further support of any of his previously filed motions.  (Docket # 99).  Pursuant to the local rules, if a litigant desires the opportunity to file reply papers, the litigant must specifically request the opportunity to submit a reply when they file their motion.  *See* W.D.N.Y. Local Rule 7(a)(1) ("[a] moving party who intends to file and serve reply papers must so state in the notice of motion[;] . . . [r]eply papers filed without prior notice or authorization may be stricken").  At the time he filed his pending motions, Marseet did not notify the Court of his desire to file reply papers in connection with any of his motions and, accordingly, this Court's motion scheduling orders did not authorize the filing of any reply submissions by Marseet.  (Docket ## 32, 33, 37, 38, 39, 40, 41, 42, 46, 52, 54, 59, 62, 73, 74, 83, 86).  The Court will not authorize the wholesale filing of such replies at this time, and Marseet's request that the Court do so is denied.  Nevertheless, if there is a particular pending motion for which Marseet believes that a reply is necessary, he should file a motion identifying the particular pending motion and the additional information he believes is necessary for the Court to consider prior to rendering a decision.  Marseet's request to extend the page limit of his replies from ten to twenty-five is also denied.  To the extent Marseet wishes to file a reply in excess of the ten-page limit, he must first seek permission from the Court and explain with particularity why ten pages are inadequate.  It is hereby

ORDERED, that Marseet's motions requesting permission to file replies and a sur-reply **(Docket ## 99, 100)** are **DENIED**.

**IT IS SO ORDERED.**

<i>s/Marian W. Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
       July 13, 2022