UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AKRAM MARSEET,

                                Plaintiff,                                DECISION & ORDER and
                                                                       AMENDED SCHEDULING ORDER

                          v.                                                    20-CV-7096FPG

ROCHESTER INSTITUTE OF
TECHNOLOGY, et al.,

                                Defendants.
_____

Currently pending before this Court are approximately twenty motions filed by plaintiff Akram Marseet ("Marseet") and defendant Rochester Institute of Technology ("RIT"). (Docket ## 32, 37, 38, 39, 40, 41, 42, 44, 45, 52, 54, 60, 73, 74, 81, 83, 101, 112, 113).[1] One motion concerns Marseet's request for a hearing with the Court. (Docket # 38). Two pending motions seek an extension of the scheduling order (Docket ## 81, 84), and two concern Marseet's attempt to obtain counsel to represent him in this litigation. (Docket ## 65, 73). These five specific motions are addressed below.

I. **Motion for Urgent Hearing (Docket # 38)**

On April 19, 2022, Marseet filed a motion seeking an "urgent" hearing with the Court to address allegedly "offensive and threatening behavior" by RIT in response to Marseet's

---

[1] Approximately half of these motions concern Marseet's desire to conduct depositions and subpoena non-party witnesses (Docket ## 32, 40, 41, 42, 45, 54, 98, 106, 112, 113), and the Court has reserved on those motions pending a Court-supervised deposition (Docket # 117). The remaining motions, which are not addressed herein, involve discovery disputes between the parties (Docket ## 39, 52, 60, 74), Marseet's applications to amend his complaint (Docket # 83), for a protective order (Docket # 37), and for disqualification of the undersigned (Docket # 101).

discovery demands. (Docket ## 38, 53, 67). According to Marseet, in its discovery responses, RIT falsely accused him of using the litigation to "harass, stalk, and annoy" a non-party witness.[2] (*Id.*). RIT opposes the motion and notes that Marseet's allegations relate to the objections it made to certain of his discovery requests – an issue that is raised in connection with the pending motions to compel currently pending before the Court. (Docket # 58 at 7-8).

Having reviewed the submissions, Marseet's motion for an urgent hearing **(Docket # 38)** is **DENIED**. The only issue identified by Marseet in the motion is the propriety of RIT's objection to some of his discovery requests on the grounds that they were designed to "harass, oppress, embarrass and annoy" third parties. (*See*, *e.g.*, Docket # 58 at Ex. B at 21). The Federal Rules of Civil Procedure, however, permit parties to object on this basis. *See* Fed. R. Civ. P. 26(c)(1) ("[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Disputes regarding the propriety of RIT's objections to Marseet's discovery demands will be resolved in connection with the pending motions to compel, and the Court discerns no need for a hearing at this time.

## II. Motion to Appoint Counsel and to Produce Documents Covered by Protective Order (Docket ## 65, 73)

On June 2, 2022, Marseet filed a motion requesting that the Court appoint counsel to represent him in this matter. (Docket # 73). According to Marseet, he terminated his previous counsel and is unable to retain new counsel. (*Id.*). Marseet has also filed a "notice" informing the Court that he needs to send documents produced by the defendants in this litigation to the "Libyan Embassy, at least two nonprofit organizations, and law firms or lawyers" in order to

---

[2] Marseet incorrectly suggests that the witness is a party to the litigation because she was factually involved in some of the incidents that serve as the basis for his claims. (*Id.*). Contrary to Marseet's suggestion, the individual is not a party to the litigation. (Docket # 1).

obtain counsel to represent him.  (Docket # 65).  Defendants do not oppose Marseet's motion for appointment of counsel, but do oppose his request to submit documents protected by the Stipulated Protective Order to any other parties.  (Docket ## 75, 80).

Turning first to the issue of sending documents to prospective attorneys or the Libyan Embassy, the defendants are correct that this Court issued a Stipulated Protective Order in this case that prohibits the unauthorized disclosure of confidential information produced in this litigation.  (Docket # 20).  Although Marseet suggests that he is not bound by the terms of the Stipulated Protective Order because it was entered into while he was represented by counsel and he considers it "revoked," the Order has not been vacated and the actions of Marseet's former attorney while he represented Marseet are binding upon him.  *See Kenny v. Cnty. of Suffolk*, 2008 WL 4936856, *1 (E.D.N.Y. 2008) (plaintiff is bound by actions of former counsel; "to hold otherwise would allow parties to create 'good cause' simply by switching [or terminating] counsel") (quotation omitted)).  Accordingly, Marseet remains bound by the Stipulated Protective Order and may not disclose documents produced in this litigation if doing so would violate the Stipulated Protective Order.  Thus, to the extent Marseet's "notice" **(Docket # 65)** may be construed as a request for an Order from the Court permitting disclosure of documents protected by the Stipulated Protective Order, that request is **DENIED**.  If there is a particular identified attorney who is considering representing Marseet who wishes to review certain identified documents in connection with his or her decision whether to undertake representation, Marseet should seek leave of opposing counsel to disclose particular documents to the identified counsel and, if agreement is not reached, may seek relief from the Court.

Turning next to Marseet's request for the appointment of counsel, it is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may

appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632

(2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Although Marseet represents that he does not have the funds to retain an attorney to represent him (Docket # 73), he has never been granted *in forma pauperis* status and has not submitted any information regarding his financial status. *See Curbow v. Clintsman*, 2022 WL 220532, *1 (W.D. Wash. 2022) ("[i]n its [o]rder, the [c]ourt explained that plaintiff did not qualify for appointed counsel under 28 U.S.C. § 1915(e)(1) because plaintiff has not demonstrated that he is indigent . . . and plaintiff is not proceeding *in forma pauperis*"). Moreover, Marseet, who maintains that he fired his previous attorney, has failed "to describe any efforts he undertook to retain counsel." *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (summary order); *see Cao-Bossa v. N.Y.S. Dep't of Labor*, 2019 WL 13115844, *1 (N.D.N.Y. 2019) ("[p]rior to evaluating a request for appointment counsel, a party must first demonstrate that [he] is unable to obtain counsel through the private sector or public interest firms[;] . . . [p]laintiff has made no showing that [he] has made a reasonable effort to retain counsel without success").

In any event, the Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. Review of the dockets suggests that Marseet is capable of litigating his claim without the assistance of counsel. Indeed, he has filed numerous motions seeking relief from the Court (*see, e.g.*, Docket ## 32, 37, 38, 39, 40, 41, 42, 52, 54, 73, 74, 83, 101, 112, 113), thus demonstrating his ability to seek court intervention when he believes it is warranted. Further, Marseet has not presented any other special circumstances justifying the appointment of counsel.

On this record, plaintiff's request for the appointment of counsel **(Docket # 73)** is **DENIED without prejudice** at this time.  It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

### III.     Motions to Extend Scheduling Order (Docket ## 81, 84)

On June 14, 2022, RIT filed a motion requesting an extension of the deadlines in the current scheduling order.  (Docket # 81).  Marseet does not oppose this request, but also seeks an extension of the deadline for expert disclosure that expired on January 10, 2022.  (Docket ## 84, 90, 93).  RIT opposes extension of the expired deadline for expert disclosures but requests an extension of their deadline to serve expert disclosures in the event the Court grants Marseet's requests.  I find good cause exists to extend the scheduling order.[3]  This Court's March 9, 2022 Amended Scheduling Order (Docket # 29) shall be amended as follows:

1.     All factual discovery in this case, including depositions, shall be completed on or before **October 14, 2022**.  All motions to compel discovery shall be filed by no later than **November 14, 2022**.

2.     Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **October 14, 2022**.  Defendant shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **November 14, 2022**.  Parties shall complete all discovery relating to experts, including depositions, by **December 14, 2022**.

3.     Dispositive motions, if any, shall be filed no later than **January 17, 2023**.  Unless a consent to proceed before this Court has been filed, such motions shall be made

---

[3] This Court has extended the scheduling deadlines by an additional thirty days beyond those proposed by defendant due to the numerous motions that have been filed since the application to extend the deadlines was filed.

returnable before Judge Geraci.  **NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

        4.        Responding papers are due by **February 17, 2023**.  Reply papers, if any, shall be filed by **March 3, 2023**.  The motion will be taken under advisement without oral argument.

        5.        A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions.  If no dispositive motions are filed, counsel shall **immediately** contact the trial judge so that a trial date status conference can be scheduled.

        At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below.  If the parties disagree as to the information to be provided, the report must set forth their different responses.  The joint status report shall contain:

    (1)    <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

    (2)    <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending?  If so, briefly describe the motion.  Explain if additional motion practice is necessary before the matter is ready to be tried.

    (3)    <u>Settlement</u>: Describe the status of settlement negotiations.  If the parties believe a court supervised settlement/mediation conference

      would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

                 *s/Marian W. Payson*
                 MARIAN W. PAYSON
                United States Magistrate Judge

Dated: Rochester, New York
    July 26, 2022

## *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.**