UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AKRAM MARSEET,

                          Plaintiff,

       v.

ROCHESTER INSTITUTE OF
TECHNOLOGY, et al.,

                         Defendant.
_____

REPORT & RECOMMENDATION

20-CV-7096FPG

## PRELIMINARY STATEMENT

On December 17, 2020, plaintiff Akram Marseet ("Marseet") filed this discrimination action against his former employer Rochester Institute of Technology ("RIT") asserting federal and state law claims of retaliation and discrimination on the basis of race, ethnicity, national origin, and disability. (Docket # 1). At the time the original complaint was filed, Marseet was represented by counsel, but since March 13, 2022, he has been representing himself. (Docket # 30). Currently pending before the Court is Marseet's motion to amend the complaint. (Docket # 83).

## BACKGROUND

Marseet seeks leave to amend the complaint in this action in order to assert a claim for gender discrimination. (*Id.*). According to Marseet, he only recently learned that his attorney had failed to assert a claim for gender discrimination in the original complaint. (Docket # 120 at 2-6). Marseet maintains that his former attorney sent him a final draft of his complaint

on December 14, 2020, three days before the complaint was filed. (*Id.* at 4, ¶ b). That version of the complaint contained the following sentence: "Plaintiff has been discriminated against by the Defendant, on account of Plaintiff's race, ethnicity, gender, and point of national origin, in violation of Section 296 of New York State's Executive Law and in violation of 42 U.S.C. 1981; 42 U.S.C. 1982; 42 U.S.C. 1983." (*Id.* at 4, ¶ b, at Exhibit ("Ex.") A). Although Marseet suggested some edits to the draft complaint, the proposed edits did not include removal of the term "gender" from that sentence. (*Id.* at Ex. B). The version of the complaint that was filed on December 17, 2020, however, omits any reference to gender. (Docket # 1).

Marseet contends that he did not realize that his attorney had removed the term "gender" from the complaint until June 3, 2022, when one of RIT's filings asserted that Marseet's complaint did not contain a claim for gender discrimination. (Docket # 120 at 4, ¶ f). According to Marseet, his motion to amend is timely because he promptly filed a motion to amend to add a gender discrimination claim to his complaint within seven days of becoming aware that his complaint did not contain the claim. (*Id.* at 4, ¶ h).

Marseet also seeks leave to amend his complaint to assert claims that RIT violated the Family Educational Rights and Privacy Act ("FERPA") and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (Docket # 83 at 3-4). According to Marseet, although he was aware that RIT had disclosed his personal information to third parties, not until RIT produced documents in January 2022 and Northeastern University produced documents in April 2022 did he obtain sufficient information to assert claims based on the alleged HIPAA and FERPA violations. (Docket # 120 at 7-8, ¶¶ 1-2).

Defendant opposes the motion on several grounds. (Docket # 104). First, RIT maintains that the motion should be denied in its entirety because Marseet has failed to comply

with Rule 15(a) of the Western District of New York's Local Rules of Civil Procedure, which requires movants to attach a proposed amended complaint to any motion seeking leave to amend. (*Id.* at 7). Next, RIT maintains that leave to amend should be denied because Marseet has failed to establish good cause for failing to seek leave to amend prior to the deadline for amending the pleadings set in the scheduling order. (*Id.* at 10-11). Finally, RIT contends that Marseet should be denied leave to amend to assert claims pursuant to HIPAA and FERPA because such claims are futile. (*Id.* at 11-15). RIT further maintains that it would be unduly prejudiced if Marseet were permitted to amend his complaint at this stage of the litigation. (*Id.* at 15-16).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of

3

discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard applied, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give the defendant fair notice of the claim plaintiff is asserting and the factual basis for the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The *Twombly* "plausibility standard" applies to complaints brought by *pro se*, as well as represented, plaintiffs. *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). That said, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. at 94 (internal citation omitted), although they still must comply

4

with the pleading requirements of the Federal Rules of Civil Procedure, *White v. Drake*, 2011 WL 4478921, *6 (N.D.N.Y. 2011). "A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to [his] lack of legal training." *Forbes v. State Univ. of N.Y. at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003). Thus, a court must construe *pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

It is well-settled in this Circuit that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *See Parker v. Colum. Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (internal citations omitted) (collecting cases). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id*. Good cause "depends on the diligence of the moving party." *Id*.; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good cause exists turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)), *cert. denied*, 562 U.S. 1102 (2010); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

The moving party may demonstrate "good cause" by moving to amend promptly after the discovery of new evidence following the scheduling deadline. *See Estate of Ratcliffe v. Pradera Realty Co.*, 2007 WL 3084977, *4 (S.D.N.Y. 2007) (party demonstrated requisite diligence by moving to amend ten days after discovering new evidence through a deposition).

Yet, "where the substance of the proposed amendment was known to the movant [earlier in the proceedings], but the movant nevertheless failed to act, courts have denied leave to amend under Rule 16." *380544 Can., Inc. v. Aspen Tech., Inc.*, 2011 WL 4089876, *3-4 (S.D.N.Y. 2011). Thus, a party who inexcusably delays after determining that he wishes to allege new claims, whether by discovering new evidence or otherwise, will not satisfy the good cause standard. *See, e.g.*, *Volunteer Fire Assoc. of Tappan, Inc. v. Cnty. of Rockland*, 2010 WL 4968247, *4 (S.D.N.Y. 2010) (good cause lacking where plaintiff failed to move to amend complaint until four months after advising court that it wished to do so); *Rambarran v. Mt. Sinai Hosp.*, 2008 WL 850478, *3 (S.D.N.Y. 2008) (good cause not demonstrated where plaintiff moved to amend five months following the deadline and failed to identify the new evidence giving rise to the new claims or when such evidence was discovered); *Lawrence v. Town of Cheektowaga*, 2006 WL 2000124, *3 (W.D.N.Y. 2006) (delay of nearly one year after plaintiff obtained information giving rise to requested amendment defeated motion to amend complaint); *Baergas v. City of New York*, 2005 WL 2105550, *10 (S.D.N.Y. 2005) (two-month delay in filing motion to amend after advising court of intent to do so did not satisfy good cause standard).

In determining whether to grant a motion to amend, the court must weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the amendment. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d at 244; *Evans v. Syracuse City Sch. Dist.*, 704 F.2d at 46-47. Considerations of prejudice include whether the new claim would (i) require significant additional discovery; (ii) significantly delay the resolution of the dispute; or (iii) prevent the non-moving party from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (collecting cases). "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of

Rule 16(b)." *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, *3 (W.D.N.Y. 2009) (emphasis and internal citations omitted).

I. **Gender Discrimination Claim**

On the record before me, I find that Marseet has failed to demonstrate good cause to amend the complaint to assert a claim for gender discrimination. On May 6, 2021, the Court issued a Scheduling Order setting June 7, 2021 as the deadline to amend the pleadings. (Docket # 17). Although the Scheduling Order was subsequently amended, the deadline for amending the pleadings was not extended. (Docket ## 23, 25, 26, 29, 118, 141). Marseet's current motion was filed on June 14, 2022, more than one year after the deadline for amendments expired. (Docket ## 17, 83).

No question exists that Marseet has been aware of the facts supporting his claim for gender discrimination since before the original complaint was filed. Marseet concedes he was "well aware of [g]ender discrimination even before the filing of the complaint." (Docket # 120 at 4-5). Indeed, he asserted a claim for gender discrimination in the complaint he filed with the New York State Division of Human Rights prior to filing this lawsuit. (Docket # 104-1 at ¶ 3). Rather, Marseet maintains that good cause for permitting his proposed amendment exists despite the expiration of the scheduling order deadline because he was not aware that his attorney had failed to include the gender discrimination claim in his complaint until June 3, 2022, when he was alerted by a filing made by RIT.[1]

---

[1] Marseet suggests that his ability to litigate this case *pro se* is hampered by his medical conditions, but he has offered little information concerning his health conditions or how they impact his ability to litigate. (Docket # 120 at 2, ¶ 5, at 3, ¶ 2). In any event, since he began representing himself less than one year ago, Marseet has filed approximately 62 submissions – an extraordinary number of filings that far exceeds the number of filings typically made by plaintiffs in discrimination cases, whether represented or *pro se*. Marseet's prolific filings suggest that his medical conditions do not impede his ability to litigate this matter in any meaningful manner. Of course, to the extent Marseet's health impedes his ability to meet case-related deadlines, he should confer with counsel for

7

As an initial matter, comparing the draft complaint against the version of the complaint filed by his former attorney suggests that the filed complaint reflects a considered decision not to include a claim for gender discrimination. (*Compare* Docket # 1 *with* Docket # 120 at Ex. A). Although the draft complaint contained a single reference to "gender" in the introductory paragraph, the remaining allegations of the draft complaint were devoid of any mention of discrimination on the basis of gender, let alone a claim for gender discrimination. (Docket # 120 at Ex. A). Instead, the only allegations of discrimination in the draft complaint are based upon race, national origin, and disability. (*Id.* at Ex. A at ¶¶ 13, 14, 15, 21, 21(A), 21(B), 21(C), 21(F)). Review of the draft complaint supports the reasonable inference that Marseet's former attorney determined not to assert a gender discrimination claim and intentionally deleted the single reference to gender contained in the introductory paragraph of the draft complaint before filing it. Marseet is, of course, bound by the decisions of his former attorney. *See Guity v. Uniondale Union Free Sch. Dist.*, 2014 WL 795576, *5 (E.D.N.Y. 2014) ("because the attorney is the litigant's agent, the attorney's acts (or failures to act) within the scope of the representation are treated as those of his client") (quotation omitted); *see also Fioranelli v. CBS Broad., Inc.*, 2019 WL 1059993, *5 (S.D.N.Y. 2019) (no good cause for late amendment where "there appear[ed] to be legitimate strategic reasons why [attorney] may have elected not to bring [certain] claims").

In any event, "[i]t is immaterial whether the failure to assert [the gender discrimination claim] was a deliberate choice of [Marseet's former counsel] or a result of [his] negligence." *See Brooks v. Doe Fund, Inc.*, 2020 WL 5706451, *4 (E.D.N.Y. 2020). Simply

---

defendant to determine whether the parties can agree to extensions of the applicable deadlines. Even where they cannot agree, Marseet is free to request extensions from the Court, which, as Marseet acknowledges, have been afforded him to date. (*See* Docket # 152 at 1).

stated, "[a]ttorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a [s]cheduling [o]rder pursuant to Rule 16(b)." *Lamothe v. Town of Oyster Bay*, 2011 WL 4974804, *7 (E.D.N.Y. 2011) (quotation omitted). Thus, "the failure of an attorney to recognize a potential cause of action is not a sufficient justification for granting leave to amend a complaint." *Fioranelli v. CBS Broad., Inc.*, 2019 WL 1059993 at *4. This is true because a litigant voluntarily chooses their attorney, and an attorney's actions – whether sounding in mistake, neglect or even malpractice – are binding on the litigant. *See Davidowitz v. Patridge*, 2010 WL 1779279, *4 (S.D.N.Y. 2010) ("litigants are generally bound by the professional conduct of the attorneys they choose to represent them, although the conduct of counsel may give rise to a claim for malpractice by the client") (internal quotations omitted); *see also Lastra v. Weil, Gotshal & Manges LLP*, 2005 WL 551996, *4 (S.D.N.Y. 2005) ("[c]laims by a litigant that he should be excused from his attorney's actions because of alleged fraudulent conduct and disobeyance of the litigant's orders may give rise to a claim for malpractice, but does not constitute an extraordinary circumstance or excusable neglect"). Because Marseet's only explanation for his delay in asserting a gender discrimination claim is that his former attorney improperly or mistakenly failed to assert it, I find that he has failed to satisfy the good cause standard of Rule 16(b) and recommend denial of his motion for leave to amend his complaint to assert this claim at this stage of the litigation. *See Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) (summary order) ("the apparent negligence of [plaintiff's] former attorney was not sufficient to establish 'good cause' for amending the scheduling order under Fed. R. Civ. P. 16(b)"); *Fioranelli*, 2019 WL 1059993 at *4-5 (denying leave to amend after deadline where explanation for delay was that former attorney failed to assert the claim); *Guity v. Uniondale Union Free Sch. Dist.*, 2014 WL 795576 at *5 (same); *Bruce Lee Enters., LLC v.*

9

*A.V.E.L.A., Inc.*, 2013 WL 364210, *2 (S.D.N.Y. 2013) (same); *Lamothe v. Town of Oyster Bay*, 2011 WL 4974804 at *7 (same).

## II.     FERPA and HIPAA Claims

I turn next to Marseet's request to amend the complaint to assert allegations relating to RIT's purported violations of FERPA and HIPAA. I agree with defendants that Marseet's failure to provide a proposed amended complaint makes it difficult to determine the precise amendments Marseet desires to make. "While the failure to attach a proposed amended complaint is not necessarily fatal to a motion seeking leave to amend, where the motion fails to adequately explain the basis for, and nature of the proposed amendment, . . . the Court may deny leave to amend on the grounds that it is unable to evaluate the propriety of granting leave." *Thomas v. Prinzi*, 2016 WL 5334439, *2 (W.D.N.Y. 2016) (internal quotations omitted).

Here, the parties agree that Marseet's complaint already contains factual allegations that RIT retaliated against him by releasing information to third parties. (Docket ## 104 at 13 ("the [c]omplaint already includes allegations regarding retaliation, and [p]laintiff's proposed amendment does not change that theory"); 120 at 6-7 (maintaining that retaliation allegations encompass alleged violations of FERPA and HIPAA and asserting "there is no need to amend the complaint by adding these two allegations explicitly")). The critical question is whether Marseet should be permitted to assert independent causes of action for RIT's alleged violation of FERPA and HIPAA. To the extent Marseet's motion may be interpreted to seek to assert such claims, I agree with RIT that such claims are futile because neither statute gives rise to a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 289 (2002) (holding that "FERPA's nondisclosure provisions fail to confer enforceable rights"); *Meadows v. United*

10

*Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) ("HIPAA confers no private cause of action, express or implied"); *Morales v. New York*, 22 F. Supp. 3d 256, 278 (S.D.N.Y. 2014) ("it is well-established in the Second Circuit that FERPA itself does not create a private cause of action to enforce its provisions"). Accordingly, I also recommend that the district court deny Marseet's request for leave to amend the complaint to assert causes of action under FERPA and HIPAA.

## CONCLUSION

For the foregoing reasons, it is my recommendation that Marseet's motion for leave to file an amended complaint **(Docket # 83)** be **DENIED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        January 27, 2023

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       January 27, 2023