UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AKRAM MARSEET,

                              Plaintiff,

                v.

ROCHESTER INSTITUTE OF
TECHNOLOGY, et al.,

                              Defendant.

_____

                                                          DECISION & ORDER

                                                          20-CV-7096FPG

        By Order dated July 8, 2022, this Court prohibited Marseet from filing with or

transmitting to the Court any materials containing nude, partially nude, or otherwise sensitive

depictions of any individuals (hereinafter referred to as "Sensitive Depictions") without prior

authorization from the Court.  (Docket # 102).  The Court's Order was prompted by Marseet's

attempt to file a partially nude image of a non-party ("Sensitive Depiction No. 1").  (*Id.*).

        By Decision and Order dated January 30, 2023, this Court prohibited Marseet

from using, displaying, transmitting, or disclosing to anyone in connection with this litigation

any Sensitive Depictions without prior authorization from the Court.  (Docket # 159).  This

Decision and Order was prompted by Marseet's "notice" informing the Court that he believed it

was necessary to show certain Sensitive Depictions to potential witnesses in this matter.  (Docket

# 135).  The Court instructed Marseet that to the extent he believes that use or disclosure of a

Sensitive Depiction is relevant and necessary to litigate his claims, he must first request and

obtain permission from the Court prior to using or disclosing such material.  (Docket # 159 at

11).  The Court further instructed that Marseet must explain why he believes that the use or

disclosure of such material is necessary to litigate his claims and why a description of the

Sensitive Depiction would be insufficient.  (*Id.* (citing *Eckhart v. Fox News Network, LLC*, 2021

WL 4124616, *24 (S.D.N.Y. 2021) ("given the highly sensitive nature of these images, . . . [it is

not clear] that they were appropriate to file on the public docket[;] . . . their relevance would

have been well understood by the [c]ourt had [defendant] simply described them[;] . . . [t]he

[c]ourt does not take lightly the profound invasion of privacy and bodily autonomy the filing of

these photographs must have caused [the plaintiff]")), *reconsidered in part*, 2022 WL 4579121

(S.D.N.Y. 2022)).

           Currently pending before the Court is Marseet's motion for authorization from the

Court to use Sensitive Depictions[1] as deposition exhibits in connection with the deposition upon

written questions of Heath Boice-Pardee.[2]  (Docket # 176).  In support of his request, Marseet

maintains that Boice-Pardee is the individual who made the determination to expel Marseet from

RIT.  (*Id.* at ¶ 6).  According to Marseet, his expulsion was based upon false information

provided by a non-party to RIT.  (*Id.* at ¶ 12).  Marseet further maintains that this non-party was

motivated to provide RIT with false information because Marseet had discovered that the

non-party wrongfully engaged in intimate activities within RIT facilities.  (*Id.*).  Marseet

contends that the Sensitive Depictions demonstrate the non-party's wrongful conduct, and he

wishes to question Boice-Pardee regarding the Sensitive Depictions.

           As an initial matter, contrary to Marseet's assertion that the activity depicted in

Sensitive Depiction 1 is the "core of the case," and as this Court has previously advised Marseet,

---

[1]  Marseet requests permission to "submit any evidence (Photos/audio/video)" that depict a particular non-party using RIT facilities for intimate activities, which presumably includes Sensitive Depiction No. 1.

[2]  Marseet's submission refers to the individual as Heath "Bioce-Pardee," however earlier submissions suggest the correct spelling is "Boice-Pardee."

the alleged wrongful conduct of this particular non-party is relevant to his claims in this matter only to the extent the conduct was known to the individuals involved in the student conduct determination and would create reason to doubt or question the testimony the non-party gave in connection with the student conduct proceedings.  (Docket # 128-4 at 12-13).  It is not clear from Marseet's submission whether he alleges that he informed Boice-Pardee prior to the student conduct determination of the non-party's alleged wrongful conduct.

In any event, even assuming the relevance of this alleged wrongful conduct, Marseet has wholly failed to comply with this Court's previous direction that he explain why a description of any Sensitive Depictions he intends to use would be insufficient to permit him to question Boice-Pardee concerning this topic.  For instance, when formulating questions to Boice-Pardee, Marseet could simply ask him whether he was aware of or had ever viewed the partially nude photograph of the non-party.  He could also ask when Boice-Pardee first became aware of the photograph and whether Boice-Pardee considered the photograph when evaluating the credibility of the non-party.  Answers to such questions would permit Marseet to obtain information relevant to his claims without the need to further disseminate Sensitive Depiction 1. On this record, Marseet has not established that the use of any Sensitive Depiction is necessary to litigate his claims and his request to be permitted to use them, including the photograph of the non-party defined above as Sensitive Depiction 1, in connection with the deposition upon written questions of Boice-Pardee **(Docket # 176)** is **DENIED**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       April 14, 2023