UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AKRAM MARSEET,

                            Plaintiff,

                                                                                                20-CV-7096-EAW

      v.

ROCHESTER INSTITUTE OF TECHNOLOGY, et. al.

                            Defendants.

---

## **PROTECTIVE ORDER**

      WHEREAS by decisions and orders in this case, certain current and future filings (hereinafter the "Sealed Filings") were ordered to be placed under seal; and

      WHEREAS on February 27, 2024, Akram Marseet was indicted on two counts of violating 18 U.S.C. § 115(a)(1)(B) in Criminal Case # 24-cr-6032-BKS (hereinafter the "Criminal Case"), and a superseding indictment was returned on July 30, 2024, adding a third count for violating 18 U.S.C. § 875(c); and

      WHEREAS the United States Attorney's Office and Mr. Marseet, now acting *pro se*. wish to have access to the Sealed Filings for review and possible use in connection with the prosecution and defense of Mr. Marseet in the Criminal Case, and

      WHEREAS the United States Attorney's Office, without objection from Mr. Marseet, has requested a Protective Order limiting access to and use of the Sealed Filings in order to protect and preserve the confidentiality of the information in such filings,

It is hereby ORDERED that:

1. The Sealed Filings may only be used, disseminated, copied or disclosed as permitted in this Order. The Sealed Filings will be provided to Mr. Marseet in digital format saved onto a thumb drive or other digital media.

2. Mr. Marseet and the United States Attorney's Office shall not use the Sealed Filings for any purpose other than related to the Criminal Case.

3. The Sealed Filings may only be disclosed to Mr. Marseet and to his standby counsel in the criminal case as well as to the United States Attorney's Office. Mr. Marseet may review and inspect the Sealed Filings while in the custody of the Monroe County Jail (MCJ) but only on a laptop provided by the jail. Per MCJ procedure, Mr. Marseet must return the thumb drive or digital media to the jail deputies each day and may not keep it in his cell overnight.

4. Mr. Marseet and standby counsel must return all Sealed Filings to the United States Attorney's Office when their respective participation in this case is ended or their need to have such Sealed Filings ends, whichever comes first.

5. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of this case. In the event that any Sealed Filing is used in any court proceeding in the Criminal Case, it shall not lose its confidential status under this Order through such use, its use shall continue to be subject to the provisions of the Order that are not inconsistent with other orders by the Court in the Criminal Case regarding their use at trial, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

6. Should Mr. Marseet wish to use any of the sealed filings as exhibits or attachments to his pleadings in the criminal case, such exhibits or attachments must be filed under seal.

7. The parties shall confer between themselves concerning measures which should be taken during trial of the Criminal Case to satisfy the requirements of this Order consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the Criminal Case.

8. Should Mr. Marseet wish to use any of the sealed filings to pursue an appeal of the dismissal of his complaint in this case, Mr. Marseet may request authorization for such use from this Court, and the Court will determine whether and to what extent such sealed filings may be used in the appeal.

So Ordered this <u>14th</u> day of <u>  January  </u>, 2025.

_____
ELIZABETH A. WOLFORD
Chief United States District Judge